IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| John Anthony Michael Williams, | ) | Case No. 9:25-cv-03989-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Chuck Wright, Deputy Moore, | ) | |
| Deputy Longe, Nurse Jeremy Randall, | ) | |
| Nurse Andrea Alerre, Spartanburg | ) | |
| County Detention Center, Spartanburg | ) | |
| County Detention Center (SRT), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Magistrate Judge's Reports and Recommendations ("Report"). ECF Nos. 16, 38. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report. On October 17, 2025, the Magistrate Judge issued a Report ("the first Report") and recommended that Defendants Chuck Wright ("Wright"), Nurse Andrea Alerre ("Alerre"), Spartanburg County Detention Center ("Detention Center"), and Spartanburg County Detention Center (SRT) ("Detention Center (SRT)") be summarily dismissed. ECF No. 16. Plaintiff filed objections, and Defendants filed a reply. ECF Nos. 32, 33.

On November 21, 2025, all Defendants filed a motion to dismiss. ECF No. 22. On April 20, 2026, the Magistrate Judge issued a Report ("the second Report") and

recommended that the motion be granted.  ECF No. 38.  Plaintiff filed objections, and Defendants filed a reply.[1]  ECF Nos. 43, 44.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  Because Plaintiff has filed objections, the Court's review has been de novo.

---

[1] Plaintiff also filed an unauthorized and untimely sur-reply.  ECF No. 45.  The Court has considered the document; however, the Court notes that Plaintiff is a prolific filer with multiple cases currently ongoing.  The Court warns Plaintiff that it will not consider such unauthorized filings in the future.

2

***The First Report***

As noted above, the Magistrate Judge recommends summarily dismissing Defendants Wright, Alerre, the Detention Center, and the Detention Center (SRT). As to the Detention Center and the Detention Center (SRT), these Defendants are "facility[ies] or building[s] and, as such, [are] not subject to suit because [they] cannot be sued as a 'person' in a § 1983 lawsuit." *Sage v. Spartanburg Cnty. Det. Ctr.*, No. 8:23-cv-00317-TMC-JDA, 2023 WL 3794202, at *3 (D.S.C. Mar. 29, 2023), *report adopted,* 2023 WL 3791110 (D.S.C. June 2, 2023).  Plaintiff's objections on this point are overruled.  *See* ECF No. 32 at 3.

As to Wright, as explained in more detail by the Magistrate Judge, Plaintiff has failed to allege specific facts supporting his claims against Wright.  In his objections, Plaintiff contends that "Wright was the warden of the detention at the time of incident mention in my claims and is and was well aware of the illegal pressure wave device, listen device, and AI systems the Deputies were using at the Detention Center and  were aware of the torture tactics . . . ."  ECF No. 32 at 1.  In his other filings, Plaintiff clarifies that the torture tactics were "mind torturing tactics."  ECF No. 45.  A number of these allegations are frivolous in nature.  Regardless, Plaintiff has not met the pleading requirements of Rule 8(a)  with  respect  to  any  constitutional  claim  against  Wright  or  any  claim  for supervisory liability.  Accordingly, Plaintiff's claims against Wright are subject to dismissal.

Turning to Alerre, the Magistrate Judge likewise determined that Plaintiff failed to state a plausible claim against her.  In his objections, Plaintiff summarily states that she "denied  [him]  proper  medical  attending  and  treatment,  and  denied  [him]  medical

3

treatment, performed false diagnoses and false medical reports." ECF No. 32 at 1. The Court finds that these statements are more in line with legal conclusions than specific factual allegations. Moreover, as explained in more detail in the section ruling on the second Report, Plaintiff's allegations fail to state a plausible claim for deliberate indifference to serious medical needs. Here, the Court also adopts the Magistrate Judge's reasoning with respect to any claim for supervisory liability. Accordingly, the Court adopts the Magistrate Judge's first Report; overrules Plaintiff's objections; and summarily dismisses Defendants Chuck Wright, Nurse Andrea Alerre, Spartanburg County Detention Center, and Spartanburg County Detention Center (SRT).[2]

***The Second Report***

In the second Report, the Magistrate Judge determined that Plaintiff is bringing claims for deliberate indifference based on conditions of confinement and medical care and for excessive force. The Court will address each claim in turn.[3]

---

[2] The Court notes that the Magistrate Judge included a footnote in the second Report explaining that, while she had recommended that these Defendants be summarily dismissed, Plaintiff's claims all failed and these Defendants were subject to dismissal for the reasons enumerated in the second Report as well. *See* ECF No. 38 at 6 n.4. The Court agrees that, in the alternative and if necessary, all Defendants are subject to dismissal as explained in the second Report and herein.

[3] The Court notes that Plaintiff makes various accusations regarding Defendants' counsel including but not limited to allegations that he is presenting false legal documents, that he is using AI in his work on this case, and that he is tampering with the mail. *See generally* ECF Nos. 43, 45. Plaintiff has a history of engaging in unsupported attacks on opposing counsel. To the extent it is necessary, the Court notes that there is no support for his assertions.

*Claims Against Defendants Moore and Longe: Lockdown & Pressure Waves*

Plaintiff alleges that Defendants Deputy Moore ("Moore") and Deputy Longe ("Longe") placed him on lockdown for 72 hours during which time an unidentified deputy forced pressure waves through the vents causing him to gag and infecting him with flu, pneumonia, and MRSA.  With respect to any claim related to being placed on lockdown, the Magistrate Judge determined that "Plaintiff has not suggested that a substantial risk of injury resulted from the lockdown, nor has he alleged that either Defendant acted or failed to act in the face of an unjustifiably high risk of harm."  ECF No. 38 at 8.  In his objections, Plaintiff states that he was hospitalized for 16 days and that "Defendants caused injury by infecting Plaintiff with MRSA, flue, and pneumonia . . . ."  ECF No. 43 at 3.[4]

As explained in more detail by the Magistrate Judge, to state a claim for deliberate indifference based on conditions of confinement, a plaintiff must satisfy a two-part test. First, a plaintiff must show "deprivation of a basic human need" that is "objectively sufficiently serious," *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997) (cleaned up), by alleging "a serious or significant physical or emotional injury resulting from the challenged conditions," or "a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions," *Shakka v. Smith*, 71 F.3d

---

[4] To the extent Plaintiff attempts to include objections to the first Report in the objections to the second Report, they are untimely.  Further, even if they were considered, they would not impact the outcome of this action.

162, 166 (4th Cir. 1995) (internal quotation marks and citation omitted).  Second, a plaintiff must "show that the defendant acted or failed to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (internal quotation marks and citation omitted); *see also Hammock v. Watts*, 146 F.4th 349, 361 (4th Cir. 2025) (noting a plaintiff must allege serious medical deterioration attributable to the challenged conditions).

Here, Plaintiff has made no such showing.  He asserts that he was hospitalized but it is unclear under what conditions he was hospitalized.  There is no indication that a substantial risk of injury existed due to the lockdown, and Plaintiff has not identified any action or inaction by Moore and Longe in the face of an unjustifiably high risk of harm.  Accordingly, this claim is subject to dismissal.

As to any claim related to pressure waves that could be construed as a claim for excessive force,[5] as noted by the Magistrate Judge, Plaintiff has not identified any Defendant who he claims is responsible for the pressure waves.  Thus, he has failed to state a plausible claim for relief.  Even assuming this claim is alleged against Moore and Longe, Plaintiff has not made any allegations, beyond his conclusory assertions, that plausibly support his allegations that pressure waves caused him harm.  Accordingly, this claim is subject to dismissal.

---

[5] The Court agrees with the Magistrate Judge that, to the extent this should be construed as a conditions of confinement claim, it fails for the same reasons that Plaintiff's lockdown claim fails.

6

*Defendant Randall: Deliberate Indifference*

Plaintiff alleges that, following his hospitalization, Jeremy Randall ("Randall") would not give him a copy of his medications, that he did not receive "Muscuss x and cough syrup," and that he was denied a follow-up appointment. The Magistrate Judge determined that Plaintiff had not sufficiently alleged any element of a deliberate indifference to serious medical needs claim. In his objections, Plaintiff states that he was infected with MRSA, flu, and pneumonia; that he was rushed to the hospital; that he was denied his medical records and medication; and that he was denied his treatment plan. ECF No. 43 at 3–4. In his objections, he does not identify who did these things beyond the "Defendants." *Id.* at 3.

As explained in more detail by the Magistrate Judge, to state a medical deliberate indifference claim under the Fourteenth Amendment, "a pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." *Short*, 87 F.4th at 611.

Upon review, the Court agrees with the Magistrate Judge that Plaintiff has failed to plausibly allege any necessary element of this claim. Most significantly, there is no

allegation that Plaintiff has been harmed by any action or inaction by Randall. Accordingly, this claim is subject to dismissal.[6]

### CONCLUSION

Accordingly, upon de novo review of the record, the Reports, and the applicable law, the Court adopts the recommendations of the Magistrate Judge. Defendants Chuck Wright, Nurse Andrea Alerre, Spartanburg County Detention Center, and Spartanburg County Detention Center (SRT) are summarily dismissed without issuance of service of process and without further leave to amend.[7] Defendants' motion to dismiss [22] is **GRANTED**. This action is closed.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 31, 2026

---

[6] To the extent this order has not addressed any claim referenced by the Magistrate Judge, the Court specifically adopts and incorporates her analysis herein. *See* ECF No. 38 at 7, n.4 (referencing potential claims regarding a chair or housing). Further, to the extent Plaintiff alleges any lack of access to courts claim, he has failed to allege a resulting specific injury. *See Murray v. Foxwell,* No. CV TDC-16-4141, 2019 WL 568718, at *5 (D. Md. Feb. 12, 2019) ("A critical requirement of an access-to-courts claim is that a prisoner must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" (quoting *O'Dell v. Netherland,* 112 F. 3d 773, 776 (4th Cir. 1997))).

[7] The Court notes that Plaintiff was directed to file an amended complaint and failed to comply with an order of the Court. As an alternative basis for dismissal, the Court finds that this action is subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b). *See Just. v. N. Carolina Dep't Health & Hum. Servs. Sec'y*, No. 20-1597, 2022 WL 42465, at *1 (4th Cir. Jan. 5, 2022) ("On appeal, Justice asserts that he chose to stand on his complaint, as he believed it properly stated a claim. However, Justice cannot choose whether or not to comply with a court order, and even on appeal, he provides no reason as to why he was not able to comply.").

Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.